UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERVPRO INTELLECTUAL PROPERTY, INC. and SERVPRO INDUSTRIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRI STATE FLOOD INC. and VINCENT SCONZO, <br><br> Defendants. | Civil Action No. 16-CV-5701 <br> Judge _____ <br> Magistrate Judge _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Servpro Intellectual Property, Inc. and Servpro Industries, Inc. (collectively "Servpro") file this complaint for trademark infringement and unfair competition against Tri State Flood Inc. ("Tri State") and Vincent Sconzo (Tri State and Mr. Sconzo are referred to collectively as "Defendants") and state as follows:

### PARTIES

1. Servpro Intellectual Property, Inc. and Servpro Industries, Inc. both have their principal place of business at 801 Industrial Boulevard, Gallatin, Tennessee 37066.

2. Tri State Flood, Inc. is a New York corporation with its principal place of business at 10 Grant Avenue West, Babylon, NY 11702.

3. Vincent Sconzo is the chief executive officer and registered agent for Tri State.

4. On information and belief, Mr. Sconzo resides in the State of New York. The NYS Department of State, Division of Corporations, Entity Information for Tri State lists Mr. Sconzo's address as 10 Grant Avenue West, Babylon, NY 11702.

5. Mr. Sconzo is the active agent behind Tri State's conduct.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction for the trademark infringement and unfair competition claims exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

7. Venue is proper in this Court in accordance with 28 U.S.C. § 1391, in part because Defendants' addresses are in this District.

8. The Court has personal jurisdiction over Defendants because Defendants engage in business in New York.

9. The Court has personal jurisdiction over Defendants because Defendants have headquarters or are otherwise based in New York.

10. The Court has personal jurisdiction over Defendants because Defendants reside in New York.

11. Further, the acts complained of herein occurred primarily in New York.

12. Similarly, the exercise of personal jurisdiction over Defendants comports with due process requirements of the United States Constitution because:

    a. Defendants have purposefully established "minimum contacts" with the State of New York, and

    b. the exercise of personal jurisdiction over Defendants will not offend the traditional notions of fair play and substantial justice.

13. Therefore, this Court has specific and general jurisdiction over Defendants.

## BACKGROUND OF DISPUTE

14. In business since 1967, Servpro Industries, Inc. is one of the world's largest providers of cleanup and restoration products and services.

15. Servpro Industries, Inc. has more than 1,500 franchisees operating nationwide.

16. Servpro Intellectual Property, Inc. is the owner of many trademarks and trademark registrations for "SERVPRO" and variants and derivatives (collectively the "SERVPRO TRADEMARKS"), more specifically:

    a. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,845,906 (Exhibit 1 hereto) in connection with "carpet, furniture and drapery cleaning services, services for the restoration of structures and/or contents damaged by fire, water and other catastrophes both indoors and outdoors" for the trademark "SERVPRO";

    b. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,707,245 (Exhibit 2 hereto) in connection with "cleaning, painting and repairing services in homes, offices and other buildings" for the following mark:

    

    c. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,726,156 (Exhibit 3 hereto) in connection with "franchising services; namely, offering assistance in the establishment and/or operation of businesses dealing with cleaning and damage restoration to structures and/or contents" for the following mark:

3



d. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 1,804,022 (Exhibit 4 hereto) in connection with various cleaning products and equipment for the following mark:



e. Servpro Intellectual Property, Inc. is the owner of U.S. Trademark Registration No. 2,920,460 (attached as Exhibit 5 hereto) in connection with "carpet, furniture and drapery cleaning services; services for both indoors and outdoors restoration of commercial and residential structures and/or contents damaged by fire, water and other catastrophes" for the trademark "LIKE IT NEVER EVEN HAPPENED" (hereinafter the "LIKE IT NEVER EVEN HAPPENED trademark").

17. Servpro Industries, Inc. is the exclusive licensee of the SERVPRO TRADEMARKS and has extensively used the SERVPRO TRADEMARKS nationally.

18. Since 1967, Servpro Industries, Inc. and its franchisees have delivered goods and services under the SERVPRO TRADEMARKS to customers.

19. The services offered by Servpro or its franchisees include residential and commercial cleaning, water damage restoration, fire damage restoration, mold remediation, storm damage restoration, commercial water damage restoration, commercial fire damage restoration, and commercial storm and major events.

20. Servpro Industries, Inc. and its franchisees have spent millions of dollars in promoting the "SERVPRO" trademark.

21. Servpro Industries, Inc. and its franchisees have provided billions of dollars' worth of goods and services under the SERVPRO TRADEMARKS.

22. Consumers have purchased billions of dollars of "SERVPRO" goods and services.

23. Due to this extensive use and promotion of the SERVPRO TRADEMARKS, Servpro has developed significant and extensive good will nationally in the SERVPRO TRADEMARKS.

24. As a result, the SERVPRO TRADEMARKS are famous and strong throughout the United States.

25. Defendants operate in New York.

26. Defendants' services include water damage cleanup and restoration.

27. Defendant's do business through a website at http://www.tristateflood.com ("Tri State Website").

28. On information and belief, Defendants also offer referral services for water damage cleanup and restoration throughout the United States. For example, the Tri State Website contains a disclaimer stating, among other things, that: "By using Tri State Flood Inc., the customer understands, acknowledges, and accepts the following disclaimer: Any listed city named does not mean that Tri State Flood Inc. has an office in that city, or county. Tri State Flood Inc. is a referral based business that will disclose the customer's contact information to pre-screened service providers/contractors in that customer's city, or county, for a referral fee." The Tri State Website lists hundreds of cities in which it can, directly or indirectly, provide water damage cleanup and restoration. A copy of that listing is attached hereto as Exhibit 6.

29. The website states that "The crews will clean up water damage, and dry out basements like it never happened."

5

30. Defendants have engaged in search engine optimization practices such as dynamic keyword insertion and/or page title tagging such that "Service Pro" is displayed to consumers performing a search on the Google search engine in connection with the Tri State Website.

31. When searching for terms relating to water damage restoration using the Google search engine, consumers are presented a display of one or more results listing "Service Pro" in connection with the Tri State Website. A printout of such results is attached hereto as Exhibit 7.

32. Defendants' use of "Service Pro" and "like it never happened" in connection with its services creates a likelihood of confusion as to source, origin, sponsorship, and/or affiliation with Servpro's services.

33. As the chief executive officer of Tri State and active agent operating the company, Mr. Sconzo authorized his company to offer the services which included the acts leading to the infringement of the SERVPRO TRADEMARKS.

34. As a result of Defendants' actions, consumers are being confused.

35. Defendants' use of the SERVPRO TRADEMARKS or variants thereof is not authorized by Servpro.

36. Defendants' use of the SERVPRO TRADEMARKS or variants thereof is neither fair use nor in good faith.

## CAUSES OF ACTION

### Count I - Trademark Infringement

37. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

38. By using ""Service Pro" and "like it never happened", Defendants are creating confusion among the consuming public as to source, origin, sponsorship, and/or affiliation of these services and products with the Servpro Trademarks.

39. Defendants' conduct relating to the use of the SERVPRO TRADEMARKS is without the permission of Servpro.

40. Defendants are thus in violation of 15 U.S.C. § 1114 regarding the SERVPRO TRADEMARKS and of 15 U.S.C. § 1125(a) regarding uses of "Service Pro" and "like it never happened" or other terms confusingly similar to SERVPRO.

41. Mr. Sconzo is the active agent behind the actions taken by Tri State.

42. Such acts by Defendants cause Servpro irreparable harm for which Servpro is entitled to a temporary restraining order, preliminary injunction, and permanent injunction under 15 U.S.C. §1116.

43. Such acts further cause harm to Servpro for which Servpro is entitled to recover actual damages as well as the costs of any necessary corrective advertising.

44. Given that Defendant's conduct is willful and exceptional, Servpro is entitled to an accounting of profits, attorneys' fees, and multiplied damages.

### *Count II - Unfair Competition*

45. Servpro realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

46. Defendants have no right to use the SERVPRO TRADEMARKS in connection with their goods or services, yet Defendants have passed off their goods and services to the public as if they are the goods or services of Servpro.

47. Defendants falsely hold themselves out to customers and potential customers as being associated with Servpro.

48. Defendants have acted with an intent to deceive the public as to the source of their goods and services, and the public has, in fact, been confused or deceived as to the true source of Defendants' goods and services and Defendants' rights and authority regarding the SERVPRO TRADEMARKS.

49. Mr. Sconzo is the active agent behind the actions taken by Tri State.

50. Defendants' unlawful usurpation of Servpro's rights and property constitutes unfair competition under the common law of New York.

**WHEREFORE**, Servpro respectfully prays that this Court grant the following relief:

A. That the Court enter injunctive relief, ordering that Defendants, as well as officers, agents, servants, employees, attorneys and all others in active concert or participation with them, are enjoined and restrained from:

1. Engaging in any conduct that infringes the SERVPRO TRADEMARKS;

2. Offering any goods or services using any mark containing the SERVPRO TRADEMARKS;

3. Engaging in any advertising that tends in a false or misleading manner to associate the Defendants' goods or services with Servpro or with Servpro's goods or services;

4. Engaging in any advertising that tends to adversely affect the public's perception of Servpro or Servpro's goods or services; and

5. Instructing others to infringe the SERVPRO TRADEMARKS and/or compete unfairly with Servpro.

B.  That the Court enter preliminary and permanent injunctive relief ordering Defendant, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within thirty (30) days of the Court's entry of the order for injunctive relief, specifying in detail the manner and form in which Defendants have complied with the injunction and order of this Court.

C.  That the Court award Servpro monetary damages, an accounting of profits, and attorneys' fees and costs.

D.  That the Court award Servpro multiplied damages because of Defendants' willful wrongful conduct.

E.  That the Court award Servpro attorneys' fees because of Defendants' exceptional conduct.

F.  A trial by jury as to all issues.

G.  That the Court award such further relief as is merited under law and equity.

Respectfully submitted,

_____
Michael J. Prisco (MP2246)
McAndrew, Conboy & Prisco LLP
1860 Walt Whitman Road, Suite 800
Melville, NY 11747
(516) 921-8600
mprisco@mcp-esqs.com

*Attorneys for Plaintiffs Servpro Intellectual Property, Inc. and Servpro Industries, Inc*

Of Counsel:
Edward D. Lanquist, Jr. (TN BPR 13303)
Patterson Intellectual Property Law, P.C.
Suite 500, Roundabout Plaza
1600 Division Street
Nashville TN 37203
(615) 242-2400

edl@iplawgroup.com

*Attorneys for Plaintiffs Servpro Intellectual Property, Inc. and Servpro Industries, Inc.*